[Docket Nos. 1, 1-2, 3]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| WILLIAM F. KAETZ,<br><br>Plaintiff,<br><br>v.<br><br>U.S.A. and THE HONORABLE JUAN R. SANCHEZ,<br><br>Defendants. | Civil No. 23-3377 (RMB/SAK)<br><br>MEMORANDUM OPINION |

**BUMB, Chief District Judge**

This matter comes before the Court upon the filing of a complaint [Docket No. 1 (the "Complaint")], application to proceed *in forma pauperis* ("IFP") [Docket No. 1-2], and motion for summary judgment [Docket No. 3] by Plaintiff William F. Kaetz ("Plaintiff"), who is appearing *pro se*. For the reasons set forth below, the Court shall **GRANT** Plaintiff's IFP application, **DISMISS** the Complaint as frivolous, for failure to state a claim, and with prejudice, and require Plaintiff to **SHOW CAUSE** why a pre-filing injunction should not issue.

Under 28 U.S.C. § 1915(a), an applicant to proceed IFP is required to submit an affidavit that includes a complete list of the applicant's assets and establish that he is unable to pay the requisite fees. 28 U.S.C. § 1915(a); *Roy v. Penn. Nat'l Ins. Co.*, 2014 WL 4104979, at *1 n.1 (D.N.J. Aug. 19, 2014) (citations omitted). Here,

Plaintiff's IFP application provides that he is unmarried and gainfully employed, but that his necessary monthly expenses equal approximately that of his total monthly income. [Docket No. 1-2.] Since Plaintiff has established that he lacks the financial ability to pay the filing fee, the Court shall grant Plaintiff's IFP application.

Once an application to proceed IFP has been granted, the Court is then required to screen the complaint and dismiss the action *sua sponte* "if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards." *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). Here, the only named defendants in the Complaint are the United States of America ("for torts implemented by [its] employees") and the Honorable Juan R. Sanchez, U.S. District Judge for the Eastern District of Pennsylvania.[1] [Complaint at 1–2.]

The Court finds that both named defendants are immune from this suit under the doctrines of sovereign and judicial immunity, respectively. As to the Government, "[i]t is a fundamental principle of sovereign immunity that federal courts do not have jurisdiction over suits against the United States unless Congress, via a statute, expressly and unequivocally waives the United States' immunity to suit." *U.S. v. Bein*, 214 F.3d 408, 412 (3d Cir. 2000). Not only does Plaintiff fail to identify any such statute in the Complaint, but also the Complaint expressly makes clear that all of the claims alleged arise out of judicial decisions rendered by Judge

---

[1] The Complaint erroneously identifies Judge Sanchez as a U.S. District Judge for the District of New Jersey. [Docket No. 1, at 1.]

2

Sanchez—sitting by designation of the Chief Judge for the Third Circuit Court of Appeals—in Plaintiff's prior lawsuit against this Court and the United States, alleging almost identical claims.[2] *William F. Kaetz v. United States, et al.*, Civ. No. 23-2741. However, it is also well-settled that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 335 (1872)).

Plaintiff's Complaint lists five "charges" against Judge Sanchez for violating separation of powers, fraud, "fraud on the court," misconduct, and for "tort injuries." [Complaint at 9–10.] The Court is mindful of its obligation to liberally construe the Complaint since Plaintiff is appearing *pro se*. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (internal citation omitted). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the

---

[2] Pursuant to 28 U.S.C. § 292(b), Chief Judge Chagares for the Third Circuit reassigned the suit Plaintiff previously brought against this Court to Judge Sanchez finding it in the public interest to do so. [Civ. No. 23-2741, Docket No. 2.] This Court makes no findings as to Judge Sanchez's legal decisions in Plaintiff's prior suit against it. As discussed herein, the proper avenue for Plaintiff to challenge any such decision by Judge Sanchez would be to file an appeal. Instead, the Court here is being called upon to determine whether the Complaint states a plausible claim for relief and whether the named defendants are immune from suit. Thus, the Court finds there is no basis for its recusal.

same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F.App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). Plaintiff states that Judge Sanchez's judicial decisions were "in error, an abuse of discretion, an abuse of inherent powers, an[] abuse of office, an act that totally lacks jurisdiction and authority." [Complaint at 5.] However, Plaintiff offers no supporting factual allegations other than by claiming that Judge Sanchez "must bear the burden of showing [his] actions were not legislative." [*Id.*] The Court finds that this amounts to nothing more than unsupported, erroneous legal conclusions. Thus, the Complaint fails to state a plausible claim for relief.[3]

Indeed, Judge Sanchez is immune from suit regarding the legal decisions he was called upon to render in Plaintiff's prior suit. The Court also finds that Plaintiff has failed to "provide the grounds of his entitlement to relief" which "requires more than labels and conclusions, and a formulaic recitations of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted). In support of his claims, Plaintiff merely states his claims constitute "First Amendment retaliation," concludes that Judge Sanchez violated the Constitution's separation of powers doctrine, "illegally legislated law committing fraud on the Court," fabricated evidence, and breached the duty of care, among

---

[3] Plaintiff seeks monetary relief in the amount of $25,000,000.00 and for Judge Sanchez's "resignation terminating his government employment without any benefits." [Complaint at 12.]

many other conclusory allegations. [Complaint at 3, 6.] But a laundry list of causes of action and legal principles taken out of context and asserted against parties who are otherwise immune from suit does not state a plausible claim for relief—regardless of how many times Plaintiff tries this same approach (while appearing *pro se* and applying to proceed *in forma pauperis* each time).

Plaintiff's concluding paragraph in the Complaint even states that he filed a motion to vacate an Order entered by Judge Sanchez, but that Judge Sanchez "shut his eyes to the errors and continued his corrupt totalitarianism acts." [Complaint at 11.] Relatedly, this Court previously filed an Order in three of Plaintiff's other lawsuits pending in this District on April 12, 2023. *See William F. Kaetz v. United States, et al.*, Civ. No. 22-1003 (KM/MAH) (D.N.J.); *William F. Kaetz v. United States, et al.*, Civ. No. 23-2008 (MAS/DEA) (D.N.J); *William F. Kaetz v. United States, et al.*, Civ. No. 23-2021 (MAS/DEA) (D.N.J.). The Court incorporates its findings from that Order: "that Plaintiff has resorted to filing civil actions against judges in this District who have made adverse rulings" and instructing the Clerk of Court to "not file any further complaint by Plaintiff that names as a defendant a judge in this district" (but to mark such filings as "received only" pending this Court's review). *See, e.g., Kaetz v. United States*, Civ. No. 22-1003, Docket No. 120.

Thus, it is apparent to this Court that Plaintiff is engaging in frivolous litigation tactics. Plaintiff even appended to the Complaint a list of six cases under the heading "incorporation of other cases," which appears to concede that the circumstances surrounding each of these complaints are the same and stem from

5

adverse rulings by District Judges regarding cases filed in this District. [Docket No. 1-3, at 3 (citing *William F. Kaetz v. United States, et al.*, Civ. No. 22-1003 (KM/MAH); *William F. Kaetz v. United States, et al.*, Civ. No. 23-2008 (MAS/DEA); *William F. Kaetz v. United States, et al.*, Civ. No. 23-2021 (MAS/DEA); *William F. Kaetz v. United States, et al.*, Civ. No. 22-3469 (KM/JRA); *William F. Kaetz v. United States, et al.*, Civ. No. 16-9225 (KM/MF); *William F. Kaetz v. United States, et al.*, Civ. No. 23-2741 (Judge Juan Sanchez by Order of Designation).] In light of Plaintiff's history of filing frivolous complaints against the judges in this District who render unfavorable decisions against him, the Court will dismiss Plaintiff's Complaint with prejudice.

      The Court is mindful of the requirement to offer an opportunity to amend a deficient pleading filed by a *pro se* plaintiff "unless doing so would be 'inequitable or futile.'" *Flynn v. Dep't of Corr.*, 739 F. App'x 132, 136 (3d Cir. 2018) (quoting *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). However, the Court finds that an opportunity to amend would be clearly futile here. Plaintiff's allegations only concern official judicial conduct taken by Judge Sanchez and for which he is immune from suit, as well as the fact that Plaintiff's Complaint is but one of many suits filed in this District against judges simply for rendering judicial decisions in Plaintiff's cases assigned to them. If Plaintiff disagrees with the legal decisions of any judge in this District his recourse lies with the Third Circuit Court of Appeals and ultimately the United States Supreme Court. Put simply, the cycle of filing frivolous suits against this District's judges must not continue.

The Court finds that a pre-filing injunction is warranted to preserve judicial resources and in light of Plaintiff's history of filing "meritless cases . . . whose manifold complaints raise claims identical or similar to those that already have been adjudicated." *In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982). Thus, for the reasons stated herein, the undersigned Judge intends to serve as a screener with respect to <u>any</u> subsequently filed complaint by Plaintiff in this District to determine if the claims asserted therein are, in fact, frivolous or otherwise related to Plaintiff's pending or already adjudicated claims prior to initiation of a new lawsuit by the Clerk of Court.

The Court is also mindful that before imposing a pre-filing injunction it must (1) determine if the situation presents "exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions," which this Court has, (2) provide the litigant with notice and the opportunity to "show cause why the proposed injunctive relief should not issue," and (3) narrowly tailor "the scope of the injunctive order . . . to fit the particular circumstances of the case." *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993), *as amended* (May 26, 1993). **<u>Accordingly, Plaintiff will have an opportunity to SHOW CAUSE within ten (10) days from the date hereof as to why such a prefiling injunction should not issue</u>.**

Any accompanying Order of today's date shall issue.

<u>July 10, 2023</u>                    <u>s/Renée Marie Bumb</u>
Date                                             Renée Marie Bumb
                                                       Chief District Judge